# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **PETERBILT OF BRISTOL, INC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09CV00058 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MAC TRAILERS, MFG.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |
| ) | |

*Michael A. Bragg, Bragg Law PLC, Abingdon, Virginia, for Plaintiff; Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

The plaintiff, a truck and trailer dealer, claims in its Complaint that the defendant, a trailer manufacturer, violated a Virginia statute by selling to a retail customer and seeks damages. On the defendant manufacturer's Motion to Dismiss, I find that the plaintiff has failed to state a claim, but I will grant leave to amend the Complaint.

I

Peterbilt of Bristol, Inc. ("Peterbilt"), a local truck and trailer retail dealer, sued Mac Trailer Manufacturing, Inc. ("Mac") in state court claiming that the trailer manufacturer had sold trailers to a Peterbilt customer, in violation of Virginia Code

§ 46.2–1992.73 (2005), which prohibits trailer manufacturers from owning, operating, or controlling a trailer dealership in Virginia. Mac timely removed the case to this court based on diversity of citizenship and amount in controversy, and moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). In its motion, Mac argued that this court should dismiss the Complaint because section 46.2–1992.73 does not create a private right of action and that the Complaint failed to state any other possible claims under the pleading standards recently articulated by the Supreme Court.

Peterbilt represents that it intended to plead a cause of action for tortious interference with a business expectancy, and that the prohibition of section 46.2–1992.73 should be implied as part of an oral dealership agreement between Mac and Peterbilt.

II

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but it does require that a pleading have more than bald allegations unsupported by facts. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). At this stage in the proceedings, the court must take all factual allegations as true. *Iqbal*, 129 S.Ct. at 1950. The court, however, does not have to accept a complaint's legal conclusions or "formulaic recitation of the elements of a cause of action." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555.)

The new pleading standards announced in *Twombly* and *Iqbal* require that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must now contain enough facts to state a claim that is "plausible on its face," meaning more than the sheer possibility of the defendant's liability. *Iqbal*, 129 S.Ct. at 1949.

Under *Iqbal*, a district court's evaluation of a pleading follows a two-step approach. First, the court must separate factual allegations from any legal conclusions or recitals of the elements of a cause of action. *Id.* at 1949–50. Then, the court must examine the facts, drawing upon the court's experience and common sense, to decide whether the complaint states a plausible claim. *Id.* at 1950.

In this case, *Iqbal's* holding means that Peterbilt's Complaint must allege enough facts to allow for the reasonable inference that Mac interfered with Peterbilt's business expectancy or that any agreement between the parties supports a cause of action. The Complaint fails on both counts.

My first task is to separate the facts alleged in the Complaint from its legal conclusions. The Complaint states that Mac manufactures heavy dump trailers and Peterbilt is an "authorized dealer selling dump trailers manufactured" by Mac to retail customers in Southwest Virginia. (Compl. at ¶ 3.) Peterbilt's Complaint alleges that in 2007, Mac sold trailers to a Peterbilt customer in Southwest Virginia and at that time, Peterbilt had trailers comparable to the ones sold by Mac.

The Complaint recites the prohibitions of section 46.2–1992.73. In addition, the Complaint states that Mac's sales "deprived Plaintiff of the business opportunity and were in contravention of Virginia law." (Compl. at ¶ 8.)

The Virginia statute in question states that it is "unlawful for any trailer manufacturer, factory branch, distributor, distributor branch, or subsidiary thereof, to own, operate, or control any trailer dealership in the Commonwealth." Va. Ann. Code. § 46.2–1992.73. The Commissioner of the Virginia Department of Motor Vehicles is responsible for bringing suit to enjoin violations of statutes contained in chapter 19 of title 46.2 of the Code of Virginia, which includes section 46.2–1992.73. Va. Code Ann. § 46.2–1992.3 (2005).

A private party may not enforce a statute that lacks explicit language creating a private cause of action. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (holding that a federal court may not read a private

rights of action into a state law "where state courts and state legislatures have not done so." ).

Peterbilt's Complaint does not state a valid claim because no private cause of action exists under section 46.2–1992.73. The statute is devoid of language indicating that a private party may sue a manufacturer for selling trailers under these circumstances. The Commissioner of the Department of Motor Vehicles is the party responsible for bringing actions to enjoin violations. The statute thus lacks the language and any apparent legislative intent to create a private cause of action. The court may not read a private cause of action into the statute because doing so would abrogate the "prerogatives of the political branches and the obvious authority" of the Virginia legislature. *Id.* at 229.

I disagree with Peterbilt's argument that *Schlimmer v. Poverty Hunt Club*, 597 S.E.2d 43 (Va. 2004), supports the proposition that section 46.2–1992.73 creates a standard of conduct for a reasonable person and thus allows for a private cause of action. In *Schlimmer*, the Virginia Supreme Court held that a negligence per se act must involve a violation of a statute or ordinance "adopted for public safety," and that the injured party was a member of the "class of people for whose benefit the statute was enacted. . . ." *Id.* at 46. *Schlimmer's* holding is inapplicable to this case. There

was no question that the plaintiff in *Schlimmer* had a common law action for negligence; the statute merely imposed the applicable standard of care.

Nor do I find that the Complaint otherwise adequately sets forth any alternative causes of action. In Virginia, a party may recover for the tortious interference with a business expectancy if it shows: "'(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damages to the plaintiff.'" *Am. Chiropractic*, 367 F.3d at 228 (quoting *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 484 S.E.2d 892, 896 (Va. 1997)).

The mere possibility of a future business relationship is not enough to satisfy the tort's first and third elements. Rather, a plaintiff must meet an objective standard and establish "a probability of future economic benefit." *Id.* (quoting *Commercial Bus. Sys.*, 484 S.E.2d at 897.)

Peterbilt's pleading fails to state a valid claim for tortious interference with a business expectancy because the Complaint lacks sufficient factual allegations showing that Peterbilt had a business relationship with the probability of future

economic benefit, and that absent Mac's intentional misconduct Peterbilt would have realized economic benefits from the relationship.

The Complaint also fails to adequately set forth a contractual claim. There is no Virginia law that deems the provisions of section 46.2–1992.73 included in any dealership agreement and the Complaint does not allege any express provision of the oral agreement that was allegedly violated by the defendant or any facts showing that the conduct of the parties implied in fact such a provision. Moreover, contracts implied in law, or quasi-contacts, may not be the basis of recovery where an actual contract governs the relationship of the parties. *WRH Mortgage, Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000); 1 Richard A. Lord, *Williston on Contracts* § 1.6 (4th ed. 2007).

### III

For the foregoing reasons, the defendant's Motion to Dismiss (#3) is GRANTED. The plaintiff is GRANTED leave to file an Amended Complaint, provided that it is filed no later than 14 days from the date hereof.

It is so **ORDERED**.

    ENTER: November 23, 2009

    /s/ JAMES P. JONES
    Chief United States District Judge